SUMNER & CO. *v.* RALPH FISK, ADM'R. OF THE ESTATE OF EBEN EASTMAN, APP'T.

Where, upon an appeal by an administrator from the allowance of a claim by a commissioner of an estate administered as insolvent, the creditor has failed to file his declaration within the thirty days as required by section 4 of chapter 163 of the Revised Statutes, the court cannot afterwards at the trial term grant him leave to file such declaration.

APPEAL, by the defendant administrator, from the allowance of plaintiff's claim by the commissioner of Eastman's estate.

The plaintiffs did not file their declaration within the thirty days required by sec. 5, ch. 172, Compiled Statutes, and now moved for leave to file a declaration.

The court ruled that it had no jurisdiction or power to grant the motion, and on that ground denied it, and plaintiffs excepted.

*G. C. Williams*, for plaintiff.

*Burns & Fletcher*, for defendant.

BARTLETT, J. The statute made it the duty of the plaintiff, upon notice of the administrator's appeal, to file in the probate office within thirty days his declaration, and to serve a copy upon the administrator according to the order of the judge of probate, and to produce, at the next trial term of this court, attested copies of the declaration and order of notice, and evidence of compliance with the order, R. S. ch. 163, secs. 4, 2 & 3 ; and provided that if the creditor should "fail to enter his action in manner aforesaid," his demand should be forever barred. *Ib.*

sec. 6.   The act of July 2, 1822, provided, that, if the creditor in such case should "fail to prosecute his demand," &c., "at the next superior court in the same county, in the manner before directed, and within the time before limited," in case of a creditor's appeal, his claim should be barred, &c.   Laws 1830, p. 363.

If it were to be assumed that the requirements of the Revised Statutes as to the declaration and notice are merely steps to bring the claim of the creditor before the supreme judicial court, and that their object is solely to give the administrator due notice, and that defects in these proceedings do not absolutely deprive that court of jurisdiction of the subject matter, so that it cannot proceed upon a waiver of them by the proper party, *Hanson* v. *Hoitt,* 14 N. H. 56, still the court cannot compel the party for whose benefit they are enacted to waive them, *Farnam* v. *Davis,* 32 N. H. 311, for the court proceed without a compliance with such requisitions solely upon the ground that the party for whose benefit alone they are made may waive them ; and, therefore, although it has been held upon a creditor's appeal, that the provision for a bond in thirty days may be waived by the administrator,   *Rich* v. *Eldredge,* 42 N. H. 249, yet if the objection is seasonably taken, the appeal must be dismissed. *Parker's Appeal,* 15 N. H. 25 ; *Clark* v. *Courser,* 29 N. H. 176.

If the creditor had taken the necessary steps to bring the cause into the appellate court, his declaration might be amended, *Osgood* v. *Green,* 30 N. H. 213, although the original was upon the probate files, *Parker* v. *Gregg,* 23 N. H. 427, *Rollins* v. *Robinson,* 37 N. H. 595 ; but it has been held that where a writ contained no cause of action whatever, a count could not be inserted by way of amendment, at least without the consent of the defendant or a waiver of his right, *Brigham* v. *Este,* 2 Pick. 425 ; and here is no declaration to amend, and consequently the proceedings to bring the plaintiff's claim before the supreme judicial court are not valid as against the administrator,   *State* v. *Richmond,* 26 N. H. 242–3, unless he has waived his right or is estopped to object on that ground.   The case shows no evidence of consent of the administrator that a declaration be filed, or of any waiver of, or estoppel to assert, his right to require the filing of the declaration according to the plain provisions of the statute, and it was not within the power of the court at the trial term to dispense with these requirements of the statute.   It was important that some limitations should be fixed to secure the final settlement of estates administered as insolvent, and the legislature have seen fit to enact these, which perhaps will be found to work no hardship peculiar to this case.   *Smith* v. *McDaniel,* 15 N. H. 475 ; *Peabody's Petition,* 40 N. H. 343 & 4 ; *Spaulding's Appeal,* 33 N. H. 479 ; *Chapman* v. *Gale,* 32 N. H. 144.

*The exceptions must be overruled.*